**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annelynn Schorzman,         ) | No. CV-07-2072-PHX-DGC |
|    Plaintiff,         ) | **ORDER** |
| vs.         ) | |
| State Farm Fire & Casualty Company,         ) | |
|    Defendant.         ) | |

On September 24, 2007, Plaintiff Annelynn Schorzman filed suit against State Farm Fire & Casualty Company in Arizona state court. Dkt. #7, Ex. A. Plaintiff holds an insurance policy issued by State Farm and alleges, among other things, that State Farm's failure to pay all of her home repair costs constitutes a breach of contract and a breach of the duty of good faith and fair dealing. *Id*. Defendant removed the action to this Court. Dkt. #1. Plaintiff has filed a motion to remand. Dkt. #7. Defendant has filed a motion to stay the action and to compel appraisal of Plaintiff's repair costs. Dkt. #8. Plaintiff has filed a motion for a hearing on Defendant's motion. Dkt. #15. The Court will grant Plaintiff's motion to remand and deny the remaining motions as moot.[1]

---

[1] Defendant's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

## I.     Removal and Remand Standards.

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Healy v. Ratta*, 292 U.S. 263, 270 (1934). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

## II.    Motion to Remand.

Defendant asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which confers jurisdiction to adjudicate cases where the parties are diverse and the amount in controversy exceeds $75,000. Dkt. #1, Ex. 1. The complaint in this case does not demand a dollar amount. *See* Dkt. #7, Ex. A. Defendant therefore "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet its burden, Defendant "must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Id.*; *see Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount of damages the plaintiff has sought, . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original); *McNutt v. GM Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("[T]he court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

Plaintiff's prayer for relief includes an award of compensatory damages and attorney's fees. *See* Dkt. #7, Ex. A. Plaintiff also filed an offer of judgment in state court stating that she will accept $62,000 to settle the underlying action and $6,200 in attorney's fees. *See id*., Ex. B.

1  Defendant argues that the $75,000 threshold amount will be exceeded if Plaintiff can
2 prove her allegations of bad faith. *See* Dkt. #16. This argument "neither overcomes the
3 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of
4 setting forth . . . the *underlying facts* supporting its assertion that the amount in controversy
5 exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in original); *see Singer v. State Farm
6 Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (stating that "removal cannot be based
7 simply upon conclusory allegations where the [complaint] is silent" as to the amount of
8 damages) (internal quotes and citation omitted). The Court reaches this determination even
9 though Defendant has submitted information regarding the awards of damages in other cases
10 involving claims of bad faith. *See Paliwoda v. Metro. Life Ins. Co.*, No. CV-05-0233, 2005
11 WL 5672339, at *2 (D. Ariz. June 5, 2005) (rejecting as unpersuasive the defendant-insurer's
12 discussion of cases in which large amounts have been awarded, noting that the defendant-
13 insurer "fail[ed] to explain how any of the cases are factually similar to the case here and
14 therefore could yield a similar award.").

15  Defendant also asserts that the jurisdictional amount will be exceeded because
16 Plaintiff's attorney's fees will bring the total amount at issue above $75,000. *See* Dkt. #16.
17 Attorneys' fees may count towards the amount in controversy if they are recoverable by
18 statute. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).
19 Arizona law authorizes a discretionary award of attorneys' fees in contract actions. A.R.S.
20 § 12-341.01(A).

21  "[D]istrict courts in this circuit have disagreed whether attorneys' fees incurred after
22 the date of removal are properly included in the amount in controversy." *Burk v. Med. Sav.
23 Ins. Co.*, 348 F.Supp.2d 1063, 1068 (D. Ariz. 2004); *compare Faulkner v. Astro-Med, Inc.*,
24 No. 99-CV-2562, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating
25 attorney's fees for the purposes of establishing jurisdiction, the only fees that can be
26 considered are those incurred as of the date of removal."); *Conrad Assoc. v. Hartford Acc.
27 & Indem. Co.*, 994 F.Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's
28 fees spent after the date of removal) *with Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d

1004, 1010-11 (N.D. Cal.2002) (including "a reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal.2002) (same).

Even assuming that future fees can be considered, the Court does not conclude that the jurisdictional amount has been established. Defendant has provided evidence that Plaintiff's counsel seeks fees of $350 per hour in insurance bad faith cases. *See* Dkt. #16, Ex. B. Defendant contends that Plaintiff's attorney's fees "are likely to substantially increase[] as the parties resolve the matters currently before the court let alone the fees [to be] incurred during the course of discovery and, if necessary, trial." *Id.* at 4.

Whether the recoverable attorneys' fees in this case will exceed the $13,000 needed to clear the jurisdictional threshold is, at this point, speculative. Although litigation often is expensive and frequently proceeds beyond the early stages, the Court will not assume that to be inevitable. Defendant itself suggests that this case should be stayed and the litigation resolved through the relatively inexpensive route of an appraisal under the insurance policy. Dkt. #8. Because the Court cannot conclude that Plaintiff's attorney's fees inevitably will push the amount in controversy over the jurisdictional limit, and because "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *Gaus*, 980 F.2d at 566, the motion to remand will be granted.

**IT IS ORDERED:**

1. Plaintiff's motion to remand (Dkt. #7) is **granted**.
2. The remaining motions (Dkt. ##8, 15) are **denied** as moot.
3. The Clerk shall **remand** this case to state court.

DATED this 13th day of December, 2007.

_____
David G. Campbell
United States District Judge